**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 East Front, Suite 401**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**Fax: (406) 542-1476**
**E-mail: Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR -11-96-BLG-DLC-2** |
| **Plaintiff,** | |
| **vs.** | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE AND/OR COMPASSIONATE RELEASE** |
| **MICHAEL AARON STUKER,** | |
| **Defendant.** | |

Defendant Michael Stuker has filed a for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States requests the motion be denied because the defendant has not met the "extraordinary and compelling reasons" standard for a sentence reduction or

1

compassionate release. Additionally, Stuker remains a danger to the community and the sentencing factors under § 3553(a) do not warrant a sentence reduction.

Stuker is currently serving a 130-month sentence for tampering with a witness and possession of a firearm in furtherance of a crime of violence at La Tuna FCI in Texas. *See* https://www.boop.gov/inmateloc/, last accessed March 9, 2024. His anticipated release date is October 11, 2025.

## ARGUMENT

A district court generally "may not modify a term of imprisonment once it has been imposed . . ." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Compassionate release is one of the few exceptions to this rule, allowing a court to "reduce the term of imprisonment (and . . . impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) . . . ." 18 U.S.C. § 3582(c)(1). This relief, however, is permanent and therefore subject to strict statutory conditions.

The compassionate release statute, 18 U.S.C. § 3582(c), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Further, the applicable policy statement at USSG §1B1.13 provides that the district court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The Commission has identified "extraordinary and compelling" to include the medical condition of the defendant, the age of the defendant, and family circumstances. USSG 1.B1.13 at n.1.

The Ninth Circuit has held that "the Sentencing Commission's statements in §1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

In general, a defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Blackwell,* 2022 WL 2067877 at *4 (E.D. Cal. June 8, 2022); *United States v. Burnett,* 2022 WL 2440079 at *3 (W.D. Wash. July 2, 2022). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019) (citations omitted). Even for defendants who are statutorily eligible, compassionate release is a "rare" and "extraordinary" remedy. *United States v. Mangarella*, 2020 WL 1291835, at 2 (W.D.N.C. Mar. 16, 2020). Specifically, "it is a rare case in which health conditions present an 'exceptional reason'" to allow for release where detention would otherwise be warranted. *See, e.g., United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (collecting pre-trial detention cases); *accord United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) ("[M]ost courts treat compassionate release 'due to medical conditions [a]s . . . a rare event.").

This Court may only reduce Stuker's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if extraordinary and compelling circumstances exist, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, and the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).

## A. Stuker has not shown extraordinary or compelling circumstances that warrant compassionate release.

Stuker has not established any extraordinary or compelling circumstances that warrant compassionate release.

The first circumstance that this Court can consider is the medical condition of Stuker. Medical conditions that give rise to compassionate release are terminal illnesses, serious physical or medical conditions, serious functional or cognitive impairment or deteriorating physical or mental health due to aging that substantially diminish Stuker's ability to provide self-care. USSG 1.B1.13 at n.1(A). Stuker does not suffer from any serious medical conditions.

Second, this Court can consider compassionate release if the defendant is at least 65 years old and is experiencing a serious deterioration in physical or mental health due to aging. USSG 1.B1.13 at n.1(B). Stuker is 39 years old.

Third, this Court can consider compassionate release if Stuker had family circumstances that warranted release. USSG 1.B1.13 at n.1(C). Stuker has not alleged any family situations that warrant release.

Finally, this Court can consider extraordinary and compelling reasons other than the ones specifically listed or in combination with the listed conditions. USSG 1.B1.13 at n.1(D). Stuker has not identified any reasons other than a minimal disciplinary record, educational achievements, and rehabilitation. USSG

1.B1.13 at n.3 (pursuant to 29 U.S.C. § 994(t) rehabilitation by itself is not an extraordinary and compelling reason for compassionate release).

### B. The § 3553(a) factors do not support a reduction of Stuker's sentence.

Any reduction in sentence must also consider the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Stuker was convicted in federal court for tampering with a witness and possessing firearm during the commission of that offense. (Doc. 143 at 1). The Pre-Sentence Report calculated his sentencing guideline for tampering with a witness at 63 to 78 months. (Doc. 145). It also calculated an 84-month consecutive sentence for possession of the firearm. Judge Cebull sentenced Stuker to 46 months on the tampering charge, a 17-month downward variance. (Doc. 143 at 2).

Stuker also received a sentence for assaulting a federal officer. (CR-11-97-BLG-RFC). The Pre-Sentence Report calculated the guideline sentence to be 87 to 108 months.[1] Stuker was sentenced to 70 months, also a 17-month downward variance from the low-end of the guideline. (CR-11-97-BLG-RFC, Doc. 61 at 2).

This court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as

---

[1] The sentencing guideline information comes from PSR copies in the electronic record at the U.S. Attorney's Office. Counsel is unable to access the filed versions to verify the accuracy of the information.

provided in 18 U.S.C. § 3142(g)." USSG §1B1.13. Under § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

Consideration of these factors does not allow this court to conclude Stuker is not a danger to the safety of any other person or the community. Stuker's rehabilitative efforts thus far are certainly commendable but as previously mentioned, cannot be considered, alone, as an extraordinary and compelling reason for a reduction in sentence. USSG § 1B1.13 at n.3. The 130-month sentence imposed in 2011 remains supported by the § 3553(a) factors specific to Stuker.

///

///

///

///

///

**CONCLUSION**

The United States respectfully requests that the defendant's motion to reduce

sentence be denied.

DATED this 11th day of March, 2024.

> JESSE A. LASLOVICH
> United States Attorney
>
> */s/ Jennifer S. Clark*
> Assistant U.S. Attorney
> Attorney for Plaintiff

# **CERTIFICATE OF COMPLIANCE**

Pursuant to D. Mont. Local Rules, the United States' response to Defendant's motion for release is proportionately spaced, has a typeface of 14 points or more, and has a body containing 1,434 words.

*/s/ Jennifer S. Clark*
Assistant U.S. Attorney
Attorney for Plaintiff