Nicole R. Gallagher
2722 3rd Avenue N. # 400H
Billings, MT 59101
Phone: (406) 413-8691
Nicole@GallagherLaw.us

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL AARON STUKER,<br><br>Defendant. | Case No.: CR-11-96-BLG-DLC-2<br><br>Defendant's Reply on Amended Motion to Reduce Sentence Pursuant to 18 USC §3582(c)(1)(A)(i) |

**A. Stuker has Clearly Articulated Extraordinary and Compelling Reasons Under USSG 1.B1.13(b)(5).**

Stuker has clearly presented extraordinary and compelling reasons that fall under USSG 1.B1.13(b)(5) in the failure to address an issue on appeal that would have resulted in a two-year reduction to his sentence. Stuker also identified a minimal disciplinary record, educational achievements, significant rehabilitation, an unusually long sentence and the harsh conditions imposed by COVID pandemic not contemplated by

1

this Court in the original sentence as other reasons this Court may consider.

Indeed, Stuker has already acquiesced that rehabilitation by itself is not an extraordinary and compelling reason for compassionate release. (CR 191, Pg 3). However, Stuker also clearly argues that the threshold requirement of "extraordinary and compelling reasons" has been met due to,

> "the combination of circumstances that exist, when considered together, are grave enough for this Court to consider them as such. Stuker's sentence would have encapsulated a time-period that extends beyond the time he has already served if he were sentenced under the law as it exists today (*Alleyne*); the nature of his incarceration changed during the COVID-19 Pandemic in a manner the Court could not have anticipated when it sentenced him, making his sentence unusually long and harsh; at the time of this filing, Stuker has served 140 months of an effective 200-month sentence; and Stuker has engaged in significant, long-term rehabilitative efforts." (CR 191, Pg 11)

Stuker was appointed counsel who filed his original appeal. That counsel failed to raise a very substantive issue that would have changed the outcome of Stuker's appeal; Stuker's counsel failed to raise the issue presented in *Alleyne*. Stuker's sentence and case parallel's *Alleyne* almost exactly and had Stuker's counsel timely raised this issue, it is relatively certain that his sentence

would have been remanded back to this Court for re-sentencing under the holding in *Alleyne*, which would have resulted in a two-year decrease. A miscarriage of justice that resulted in two extra years of custody absolutely falls within extraordinary and compelling reasons under USSG 1B1.13(b)(5):

> "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

### B. Stuker is Not a Danger to the Community.

One would need to disregard the last twelve years of Mr. Stuker's life in order to argue that he still poses the same danger to the community as when he was sentenced. Mr. Stuker has spent his entire time in custody participating in continued rehabilitative and vocational efforts. He began courses in August of 2012 and the last course he has provided records for is from April of 2023 (he continues to complete courses as these filings are made). To find that over a decade of self-improvement, counselling, education and vocational training simply inconsequential is disingenuous.

Mr. Stuker has aged over a decade and spent a substantial period of his life incarcerated. The fact that his disciplinary record includes only five minor incidents over a twelve-year period is also not inconsequential. None of the write-ups involve violent or victimizing behavior. (CR 107, Exhibit 3).

The government claims that this Court could not conclude that Stuker is not a danger to the safety of any other person or the community after considering the factors in 18 U.S.C. § 3142(g)(1)-(4), but the government fails to address all of the factors in its response.

Obviously (1) the nature and circumstances of the offense charged; and (2) the weight of the evidence against the defendant, are important factors that the Court must consider under the law; they are also the only factors that generally will not change with time. Barring a change in evidence, which would hopefully be addressed in a vehicle different than a Moton for Compassionate Release, the first two factors remain unchanged in almost every circumstance. An easy fallback argument, but by no means and argument that address *all* of the factors in 18 U.S.C. § 3142(g) that the Court must consider.

Title 18 U.S.C. § 3142(g) requires this court also consider the last two factors with equal weight. This court must consider Stuker's history and characteristics, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court. Almost all of these have changed significantly since his sentence was pronounced. His physical condition is not as good as it was before. His mental condition is far better, he has undertaken rehabilitation and therapy and matured over a decade. His past conduct over the last twelve years involved minor disciplinary infractions only.

This Court must also consider the nature and seriousness of the danger to any person or the community that would be posed by release. Mr. Stuker's significant efforts toward rehabilitation, vocation, and physical and mental health must be considered by this Court in its analysis. Mr. Stuker has completed Challenge for Change, Parenting programs and Self-Awareness. He has completed vocational courses that include: Servesave Manager Certification, HVAC certification, FCI Basic Workkeys course, Building Your Financial Future, Buying a New Home, Threshold Rel Services, Financial Management, Starting a Small

Business, Real Estate ACE Class, Understanding Finance Statements, Starting Your New Business, Business Etiquette & Professionalism, VT Building Trades, Warehouse VT, Inmate Health Fair, Program Design, Algebra and Moneysmart. For educational courses Mr. Stuker has completed: Physical Science, Ancient Civilizations, Ceramics, RPP Non-Residential, Story Creation and Application, How to Eat Move and Be Healthy, What's My Heartrate, Assessing Core Function, and Functional Anatomy of the Core.

A circumstance where the first two factors change addressed in a Motion for Compassionate Release certainly exist. However, it is much more likely that in most cases these first two factors never change. Factors three and four do exist and are included in what the Court **must** consider.

When considering *all* of the factors, Stuker has not only met his burden of proof to show extraordinary and compelling reasons, the factors of 18 U.S.C. § 3142(g) are now, after twelve years of rehabilitation, in favor of release.

Respectfully submitted this 18th day of March 2024.

                                        */S/NICOLE R. GALLAGHER*
                                        Attorney for Defendant, Michael A. Stuker

# CERTIFICATE OF SERVICE

L.R.5.2(b)

I hereby certify that on the <u>18th</u> day of March 2024, a copy of the foregoing document was served on the following persons by the following means:

   <u>1, 2</u>  CM-EDF

   _____  Hand Delivery

   _____  Mail

   _____  Overnight Delivery Service

   _____  Fax

   <u>3</u>  E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. Jennifer Clark, Counsel for the United States of America
    Assistant United States Attorney
    United States Attorney's Office
    2602 2nd Avenue North, Suite 3200
    Billings, MT 59101

3. Michael A. Stuker, Defendant

<u>*/S/NICOLE R. GALLAGHER*</u>
Attorney for Defendant

7