IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL AARON STUKER,<br><br>Defendant. | CR 11–96–BLG–DLC<br><br><br><br>ORDER |

On December 26, 2023, Defendant Michael Aaron Stuker filed a motion to reduce his 130-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 183.) His projected release date is October 11, 2025. *See* Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmateloc (last accessed April 4, 2024). On December 29, 2023, counsel was appointed to represent Stuker for purposes of this motion. (Doc. 184.) Appointed counsel filed an amended motion on February 25, 2024. (Doc. 186.) The government opposes the motion for compassionate release. (Doc. 189.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set

forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Stuker argues that a reduction in his sentence is warranted because of changes in the law that occurred after he was sentenced, specifically the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), in combination with his rehabilitation while in custody.  (Doc. 191 at 9.)  For the reasons discussed below, the Court denies the motion for compassionate release.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a

---

[1] In November 2023, the United States Sentencing Commission adopted revisions to § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* United States Sentencing Commission, *2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)* 1–13 (April 27, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Stuker filed a request for sentence reduction to the Bureau of Prisons on November 1, 2023, which was denied on November 8, 2023. (Doc. 187-1.) Thus, it would appear that Stuker has exhausted his administrative remedies.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason." *See* U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2023). Relevant here, the Sentencing Guidelines state:

> Unusually Long Sentence.–If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6). Additionally, while "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* § 1B1.13(d).

3

On August 19, 2011, Stuker was charged in this matter with one count of tampering with a witness, in violation of 18 U.S.C. §§ 1512(a)(2)(A) and 2 (Count I), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count II).  (Doc. 18.)  Stuker proceeded to trial on February 6, 2012, and, after three days of trial, the jury returned a verdict of guilty for both counts alleged in the Indictment.  (Doc. 116.)  The Verdict Form did not require the jury to make a finding on whether Stuker brandished a firearm during the commission of Count II.  (*Id.*)

On June 27, 2012, Stuker was sentenced to a custodial sentence of 130 months—46 months on Count I and 84 months on Count II, terms to run consecutively—to be followed by 5 years of supervised release.  (Doc. 143.)  The 84-month sentence imposed for Count II reflected the statutory mandatory minimum under 18 U.S.C. § 924(c)(ii), which imposes a mandatory minimum sentence of 7 years, consecutive to any other sentence imposed, "if the firearm is brandished" during the commission of the crime of violence.  If the firearm is not brandished, § 924(c)(i) only imposes a mandatory minimum sentence of 5 years, consecutive to any other sentence imposed.  Thus, although the jury did not find Stuker guilty of brandishing the firearm—because the jury did not reach this question at all—he was sentenced to an additional 2 years for brandishing.

Stuker was separately indicted in matter no. CR 11–97–BLG–DLC on

August 19, 2011.  In that case, Stuker was charged with two counts of assault on a

federal officer, in violation of 18 U.S.C. § 111(a) and (b).  Stuker also proceeded to

trial in that matter where he was found guilty of one count and acquitted on the

second count.  On July 27, 2012, Stuker was also sentenced in CR 11–97–BLG–

DLC to a custodial sentence of 70 months, to run consecutive to the sentence

imposed in CR 11–96–BLG–DLC.  Accordingly, between the two sentences,

Stuker was sentenced to a total custodial sentence of 200 months.

Stuker timely filed a Notice of Appeal in this matter on July 6, 2012.  (Doc.

147.)  His conviction was affirmed on November 7, 2013.  (Doc. 155.)  At the

same time that Stuker's appeal was pending, *Alleyne v. United States* was pending

in the Supreme Court.  *Alleyne v. United States* involved facts similar to this

matter—the imposition of a two-year enhancement to a custodial sentence pursuant

to § 924(c)(ii) for brandishing a firearm found by the judge after trial and not by

the jury at trial.  In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law,

increases the penalty for a crime is an 'element' that must be submitted to the jury

and found beyond a reasonable doubt."  570 U.S. 99, 103 (2013).  Stuker did not

raise the *Alleyne* argument in his appeal or in his subsequent 28 U.S.C. § 2255

petition filed in October 2014.  (Doc. 158.)  Stuker was granted leave to file a

second § 2255 petition based on the Supreme Court's decision in *United States v.*

*Davis*, 139 S. Ct. 2319 (2019), but his second petition did not address the *Alleyne*

issue and was ultimately denied.  (Doc. 175.)

Stuker now raises *Alleyne* as a basis for compassionate release.  The Court notes that, despite presenting this argument, Stuker's motion goes on to state that this Court "cannot consider a change in the law that is not retroactive as an extraordinary and compelling reason."  (Doc. 191 at 10.)  The Government appears to adopt the same understanding of the Sentencing Guidelines.  (*See* Doc. 189.) However, as clearly stated in § 1B1.13(b)(6), such non-retroactive changes in law *may* be considered in determining whether the defendant presents an extraordinary and compelling reason where: (i) the defendant received an unusually long sentence; (ii) the defendant has served at least 10 years of the term of imprisonment; and (iii) the change in law would result in a gross disparity between the sentence actually imposed and the sentence that would have been imposed today.  Accordingly, the Court will address these factors to determine whether *Alleyne* constitutes extraordinary and compelling circumstances in this case.

The Court starts with the simplest requirement: Stuker was sentenced in this matter to ten years and ten months and has served the entirety of that sentence. Thus, it would appear that Stuker meets the second factor.  However, therein lies the problem with Stuker's motion—he has already served the entirety of the custodial sentence in this matter and is now serving the sentence imposed in CR 11–97–BLG–DLC.  Stuker acknowledges as much but asks the Court to

consider his combined total sentence of 200 months for purposes of this motion. (Doc. 191 at 4.)  The Court cannot reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) that has already been discharged.  While Stuker would like the Court to consider his custodial sentences collectively, they are, in fact, separate sentences imposed by separate judgments in separate matters.  Stuker has not filed a similar motion for compassionate release in CR 11–97–BLG–DLC and his change of law argument under *Alleyne* does not apply to the circumstance of that case.  Accordingly, the Court's analysis stops here and Stuker's motion must be denied.

## CONCLUSION

Because Stuker has served the entirety of his custodial sentence in this matter, the Court cannot grant the relief sought under 18 U.S.C. § 3582(c)(1)(A).

Accordingly, IT IS ORDERED that Stuker's motion for compassionate release (Docs. 183, 186) is DENIED.

DATED this 4th day of April, 2024.

Dana L. Christensen, District Judge
United States District Court

7